## Commonwealth v. Perkins

*Ted Fagan,* Assistant District Attorney, for Commonwealth.

*Linn Washington,* for defendant.

LEWIS, J., December 8, 1965.—This matter comes before the court en banc on defendant's motion for a new trial and motion in arrest of judgment.

The following reasons were set forth in the motion in arrest of judgment:

(1) The evidence was insufficient to sustain the verdict of the jury.

(2) The Commonwealth failed to meet its burden.

In the motion for a new trial, the following reasons were set forth:

(1) The verdict is contrary to the evidence.

(2) The verdict is contrary to the weight of the evidence.

When the case came on for argument, counsel for defendant requested permission to submit his argument in a brief to be filed with the court within 20 days. The court granted the request, but defendant's counsel did not file a brief within the specified period of 20 days. In fact, defendant's counsel has never filed a brief in this case, at least not up until the day of the filing of this opinion. Accordingly, on September 1, 1965, the court made an order dismissing counsel's motion in arrest of judgment and motion for a new trial.

The testimony indicated that on February 26, 1965, defendant and the victim, Clarence Lampkins, became involved in an argument over defendant's ex-wife. Defendant, who was in an automobile, pulled out a gun and shot the victim, as he approached the car, in the hand and on the side of the left forearm, four times. Defendant was arrested, and he readily admitted the shooting to the police officer.

Defendant contended that his car was stopped at a traffic light and the victim came back to his car with something in his hand that looked like a metal object. Defendant stated that he reached under the seat for a tire iron and couldn't find one, but he did discover a gun. He testified that the victim struck at the door but did not hit him. Defendant then admitted firing four shots at the victim.

The jury found defendant guilty of aggravated assault and battery and violation of the Uniform Firearms Act of August 13, 1963, P. L. 660, amending the Act of June 24, 1939, P. L. 872.

Not having the benefit of defendant's brief, the court has no way of knowing on what grounds defendant's motions are based. The court has carefully reviewed the record and can find no error which would justify a new trial.

During the entire case, counsel for defendant only objected four times to questions asked by the District Attorney, and was sustained by the court each time. At the trial, the defense argued that there should be a directed verdict of acquittal on the violation of the Uniform Fireams Act charge for the following reasons:

(1) The Commonwealth did not show whether the gun was licensed or not.

(2) The Commonwealth did not show where the gun came from, that is, whether it was on the person of defendant or not.

It was not necessary for the Commonwealth to prove that defendant did not have a license to carry a firearm. The burden, in fact, is on defendant to proceed with the evidence and prove he had a license: Commonwealth v. Silia, 194 Pa. Superior Ct. 291 (1960). It was also not necessary for the Commonwealth to prove that the gun was actually concealed on the person of defendant before he began firing at the victim. In order to convict defendant of having violated the Uniform Firearms Act, it was only necessary that the Commonwealth prove the presence of the unlicensed firearm in the vehicle while the accused was inside and in control of the vehicle: Commonwealth v. Festa, 156 Pa. Superior Ct. 329 (1944).

The court has carefully reviewed the charge and finds that it was entirely proper and in accordance with the applicable law. At the conclusion of the charge, both counsel were asked if there was anything else they desired the court to cover, and they both replied in the negative.

Therefore, it is the opinion of this court that the

84

order of September 1, 1965, refusing defendant's motion in arrest of judgment and the motion for a new trial, was entirely proper and in accordance with the law.